**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| P1 GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-1092-JAR |
| ) | |
| INABENSA USA, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case comes before the Court on Defendants' Motion to Compel Arbitration and to Dismiss (Doc. 10). The motion is fully briefed, and the Court is prepared to rule. As discussed below, the Court grants Defendants' motion to compel arbitration, but denies the motion to dismiss.

**I.    Background**

On December 5, 2012, Plaintiff P1 Group, Inc. ("P1") and Defendant Inabensa USA, LLC ("Inabensa") entered into a contract for the Hugoton Biomass Ethanol and Cogeneration Plant Project, in Hugoton, Kansas (the "Contract") for pipe prefabrication in shop and pipe assembly in the field at Inabensa's Hugoton facility. The Contract provides for arbitration of all disputes arising out of their business relationship under the Contract. Plaintiff began work under the Contract but disputes arose between Plaintiff and Inabensa. Plaintiff filed mechanic's liens, which Inabensa removed and replaced with surety bonds issued by Liberty Mutual Insurance Company ("Liberty") and Fidelity and Deposit Company of Maryland ("Fidelity"). P1 commenced this action by filing suit against Inabensa, Liberty and Fidelity in Kansas state court. Inabensa, with the consent of Liberty and Fidelity, removed the action to this Court pursuant to

Inabensa's Notice of Removal.[1]

The Contract provides that any "[d]ispute shall be settled by three (3) arbitrators appointed to resolve the Dispute pursuant to the Rules of [the] American Arbitration Association."[2] The parties do not dispute that all of P1's claims fall within the scope of the broad arbitration provision, or that the Court should compel arbitration of P1's claims against Inabensa. However, they disagree as to whether the Court should stay or dismiss this matter pending arbitration.[3]

Defendants argue that the Court should dismiss this action in its entirety and compel P1 to proceed with its claims in arbitration. In the alternative, Defendants request that the Court stay this action as to Defendant Inabensa pending arbitration, but dismiss the claim brought against Liberty and Fidelity (the "Bond Issuers").

## II.     Governing Law

While the interpretation of contracts—including arbitration agreements—is usually a matter of state law, the Federal Arbitration Act ("FAA") imposes certain rules beyond those normally found in state contract law.[4] The FAA applies to written arbitration agreements in any "contract evidencing a transaction involving commerce."[5]

Congress designed the FAA "'to overrule the judiciary's long standing refusal to enforce

---

[1] Doc. 1.

[2] Doc. 11–1 at 4 (Contract at ¶ 30.3).

[3] P1 has requested that the case be stayed pending arbitration. *See* Doc. 18 at 2.

[4] *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1773 (2010) (citing *Arthur Anderson LLP v. Carlisle*, 129 S. Ct. 1896, 1901–02 (2009); *Perry v. Thomas*, 482 U.S. 483, 493 n.9 (1987); *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)).

[5] 9 U.S.C. § 2.

agreements to arbitrate'"[6] and, by enacting the FAA, created "a liberal federal policy favoring arbitration agreements."[7]  But despite its liberal policy, the FAA does not "require parties to arbitrate when they have not agreed to do so."[8]  Instead, it requires that courts enforce "agreements to arbitrate, like other contracts, in accordance with their terms."[9]  So if a generally applicable state contract defense invalidates an arbitration agreement or if grounds exist at law or equity that would call for the revocation of any contract, courts must not compel arbitration under the agreement.[10]  Enforcing the agreement according to its terms "is fully consistent with the goals of the FAA, even if the result is that the arbitration is stayed where the Act would otherwise permit it to go forward" because by rigorously enforcing the agreement according to its terms, courts give "effect to the contractual rights and expectations of the parties, without doing violence to the policies behind the FAA."[11]  Thus to determine the arbitration agreement's validity, the Court looks to both the FAA and generally applicable contract law.

Section 3 of the FAA applies to proceedings brought in court where the issues are referable to arbitration under a written agreement, and states:

> [T]he court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been

---

[6]*Volt Info. Scis., Inc.*, 489 U.S. at 478 (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 219–20 (1985)).

[7]*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[8]*Volt Info. Scis., Inc.*, 489 U.S. at 478.

[9]*Id.* (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)).

[10]*See id.*; *see also Perry v. Thomas*, 482 U.S. 483, 489 & 492–93 n.9 (1987).

[11]*Volt Info. Scis., Inc.*, 489 U.S. at 478.

>had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[12]

## III. Discussion

Defendants argue that the Court should dismiss the entire case, or in the alternative, dismiss the claims brought against Liberty and Fidelity as premature because they are entirely derivative of the claims subject to arbitration brought against Inabensa. Defendants argue that the Bond Issuers can only be held liable to the extent Inabensa is found liable in arbitration and then only if an award against Inabensa was not paid.

P1 does not contest sending the case to arbitration,[13] but requests that the case be stayed, not dismissed, pending the arbitration. Plaintiff argues that the bonds issued by the Bond Issuers are not typical litigation bonds, nor are they typical completion bonds for a construction project. Rather, they are mechanic's lien bonds—special, express creatures of statute. K.S.A. § 60-1110 provides that once a party has filed a mechanic's lien statement under Kansas law, the owner or contractor can file a bond with the court. This has the effect of releasing the mechanic's lien from the property—but the trade off is that the claiming party can sue the bond directly. P1 thus argues that Inabensa's argument regarding preconditions is invalid. P1 argues that if it is successful at arbitration, it will simply file its award as a judgment with this Court and be able to collect directly against the surety bonds pursuant to K.S.A. § 60-1110. P1 argues that requiring it to file a new lawsuit just for those post-judgment purposes would be inefficient and contrary to the mandate of Fed. R. Civ. P. 1.

---

[12] 9 U.S.C. § 3 (2005).

[13] Doc. 18 at 1.

Section 3 of the FAA expressly provides that the court "shall on application of one of the parties stay the trial of the action" when the issue "is referable to arbitration."[14]  "There is a circuit split about whether a district court has discretion to dismiss rather than stay an action subject to arbitration."[15]  The Tenth Circuit has held that under Section 3 courts are obligated to stay litigation upon request of a party, rather than dismiss the action.[16]

In *Adair Bus Sales, Inc. v. Blue Bird Corp.*,[17] the Tenth Circuit vacated the district court's order of dismissal and remanded the case for entry of a stay pending arbitration in accordance with 9 U.S.C. § 3.[18]  Because "Congress intended to 'promote appeals from orders barring arbitration and limit appeals from orders directing arbitration,'" and dismissal would result in an appeal while the issue of a stay would not, the Tenth Circuit held that "[t]he proper course . . . would have been for the district court to grant Defendant's motion and stay the action pending arbitration," rather than dismiss the action.[19]

Defendants argue that the Tenth Circuit in *Armijo v. Prudential Insurance Co. of America*,[20] decided a year after *Adair*, "mak[es] it unequivocally clear that this Court may

---

[14] 9 U.S.C. § 3.

[15] *Brookins v. Superior Mgmt. Group, Inc.*, Case No. 13-2051-EFM, 2013 WL 5819706, at *4 (Oct. 29, 2013) (finding that a court must stay litigation on a matter that the parties have agreed to arbitrate) (citations omitted); *see generally* 34 Hofstra L. Rev. 565, *Judicial Enforcement of Arbitration Agreements: The Stay-Dismissal Dichotomy of FAA Section 3* (Winter 2005).

[16] *See Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 771 (10th Cir. 2010) ("Section 3 of the Act, 9 U.S.C. § 3, obligates courts to stay litigation on matters that the parties have agreed to arbitrate.").

[17] 25 F.3d 953, 955 (10th Cir. 1994).

[18] *Id*. at 955–56.

[19] *Id*. at 955.

[20] 72 F.3d 793, 796–97 (10th Cir. 1995).

dismiss this case."[21]  Defendants argue that in *Armijo*, the Tenth Circuit explained *Adair* and then affirmed two district court decisions compelling arbitration and dismissing the plaintiff's claims.[22]  Defendants are misreading the decision in *Armijo*.

The Tenth Circuit in *Armijo* discussed the issue of whether the court had jurisdiction over plaintiffs' appeals from the district court decisions compelling arbitration.[23]  The Tenth Circuit distinguished *Adair*, where interlocutory appellate review was inappropriate because the district court should have granted a stay,[24] noting that in *Armijo* the Court was dealing with a final order because the defendant, instead of requesting a stay, only requested dismissal.[25]  The Tenth Circuit stated that it "found no evidence in the record of any request for a stay.  We therefore cannot find error here in failing to grant a stay."[26]  However, in the instant case, P1 has requested a stay.         The Court finds that, in accordance with Tenth Circuit law, this case must be stayed pending arbitration.  The Bond Issuers are not required to participate in this case pending arbitration, therefore they will not be required to spend time on the matter or incur expenses.  The Court finds that the Bond Issuers will not be prejudiced by waiting to seek dismissal after arbitration is complete, at which time the issue will be fairly straightforward.

P1 asks the Court to order a two-week deadline by which the arbitration must be filed and answered; and to order that the arbitration demand be filed with and heard through the American

---

[21]Doc. 19 at 2.

[22]*Id*.

[23]*Armijo*, 72 F.3d at 796–97.

[24]*Id.*

[25]*Id*. at 797.

[26]*Id*.

Arbitration Association. P1 states that it is fearful that without these two order, Inabensa will allow the case to languish as soon as the Court enters the stay order. However, Inabensa has acknowledged that the Contract already provides for AAA arbitration.[27] Furthermore, P1 is free to file the arbitration. Procedural matters, including the manner in which the arbitration is to be conducted, are left to the discretion of the arbitrator.[28] The Court will, however, order the parties to proceed to arbitration immediately.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Compel Arbitration and to Dismiss (Doc. 10) is **GRANTED IN PART and DENIED IN PART**. The motion to compel arbitration is **GRANTED**; the motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that all proceedings are hereby **STAYED** and the Court orders the parties to immediately proceed to arbitration. Inabensa shall file a status report by **January 30, 2015**, advising whether this matter has been resolved or whether arbitration is still pending.

**IT IS SO ORDERED.**

Dated: August 27, 2014

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE

---

[27] Doc. 19 at 3.

[28] *See United Steelworkers of America, AFL-CIO-CLC v. Ideal Cement Co., Division of Ideal Basic Indus., Inc.*, 762 F.2d 837, 839 (10th Cir. 1985) (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (stating that matters of procedure lie solely within the discretion of the arbitrator.)).